Citation Nr: 1441520 
Decision Date: 09/17/14 Archive Date: 09/22/14

DOCKET NO. 13-20 241 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines




THE ISSUE

Whether the Appellant has legal entitlement to a one-time payment from the Filipino Veterans Equity Compensation (FVEC) Fund.




ATTORNEY FOR THE BOARD

J. Connolly, Counsel





INTRODUCTION


This appeal to the Board of Veterans' Appeals (Board) is from decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines, concluding the Appellant did not have qualifying service to be eligible for the one-time payment from the FVEC Fund.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Appellant if further action is required.


REMAND

The Appellant contends that he has military service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces. The National Personnel Records Center (NPRC) has certified five times (December 2009. September 2010, December 2012, February 2013, and August 2013) that the Appellant did not have any recognized service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces. However, subsequently, in a recent decision of the United States Court of Appeals for Veterans Claims (Court), the Court held that it could not determine whether the Department of the Army has delegated the authority to make service decisions to the National Archives and Records Administration (NARA), or its agency, the NPRC, for purposes of verifying service under 38 C.F.R. § 3.203(c). Therefore, absent evidence of a statutorily delegated duty, the plain meaning of VA's regulation requires verification of service from the relevant service department. See Taguba v. McDonald, 2014 WL 4199312 (August 26, 2014). Thus, the Board must remand this case for verification of the Appellant's service.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the Department of the Army and request verification of the Appellant's claimed service as a member of the Philippine Commonwealth Army, including in the recognized guerrillas, in the service of the United States Armed Forces, as previously submitted to the NPRC.

2. The RO/AMC should then readjudicate the claim on appeal in light of all of the evidence of record. If the issue remains denied, the Appellant should be provided with a supplemental statement of the case as to the issue on appeal, and afforded a reasonable period of time within which to respond thereto.

The Appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).


_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).